**John K. YOUNG, Appellant**

v.

**PHILADELPHIA COUNTY DISTRICT ATTORNEY'S OFFICE; City of Philadelphia.**

**No. 09–1668.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 16, 2009.

Filed: Aug. 11, 2009.

John K. Young, Dallas, PA, pro se.

Daren B: Waite, Esq., City of Philadelphia, Law Department, Pamela E. Cole, Esq., Philadelphia, PA, for Appellee.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Inmate John K. Young appeals from an order of the District Court dismissing his pro se civil rights action. For the reasons that follow, we will affirm.

In 1975, Young was tried for murder, burglary, and related charges. At the trial, the prosecution introduced evidence that the police had seized from Young's home. This evidence consisted of a knife, shoes, pants, and a washcloth, all of which were stained with human blood. He was convicted and sentenced to a term of life imprisonment. After his conviction and sentence were affirmed on direct appeal, Young unsuccessfully pursued post-conviction relief in the state and federal courts.

In 2002, Young filed a motion in the Court of Common Pleas seeking DNA testing of the evidence introduced at trial. See 42 Pa. Con. Stat. Ann. § 9543.1. That statute allows prisoners access to post-conviction DNA testing; however, it requires, among other things, that the prisoner claim actual innocence. The Court of Common Pleas denied his motion. The Superior Court affirmed, noting that Young could not effectively assert actual innocence because he had confessed to the crime prior to trial and because there was an eyewitness who had positively identified him. The Pennsylvania Supreme Court denied his petition for allowance of appeal in 2005.

In 2006, Young sought permission to file a second habeas petition, this time challenging the state's denial of post-conviction DNA testing; we denied the request. In 2007, Young again attempted to secure DNA testing, this time by filing a motion pursuant to the federal Innocence Protection Act of 2004, 18 U.S.C. § 3600. The District Court denied the motion without reaching the merits because Young was

convicted in state, not federal, court, but it suggested that Young might be able to pursue his claim in a civil rights action. *See* 42 U.S.C. § 1983.

Young next filed the present case, alleging that Pennsylvania's refusal to permit post-conviction DNA testing violated his right to due process and constituted cruel and unusual punishment. In addition, he claimed that Pennsylvania's refusal to allow him to assert actual innocence violated his rights under the Compulsory Process and Confrontation Clauses. The District Court dismissed the action as barred by Pennsylvania's two-year personal injury statute of limitations. *See* 42 Pa. Con. Stat. Ann. § 5524; *see also Wallace v. Kato,* 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (noting that the length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose). The District Court held that Young's cause of action accrued no later than 2002, when he first sought DNA testing in state court. *See Sameric Corp. of Del., Inc. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir.1998).

Young then filed a timely notice of appeal. He argues that equitable tolling should apply in his case because he had thought that he could only seek post-conviction DNA testing through habeas proceedings. In support of this argument, he notes the circuit split over whether requests for post-conviction DNA testing are properly brought under § 1983 or in habeas proceedings. We have not yet answered this question, nor need we do so today.

■ The central claim in Young's § 1983 complaint is that the Pennsylvania's refusal to allow post-conviction DNA testing violated his due process rights. The Supreme Court has recently rejected this argument. *See Dist. Attorney's Office for the Third Judicial Dist. v. Osborne,* — U.S. ——, ——, 129 S.Ct. 2308, 2323, 174 L.Ed.2d 38 (2009) (holding that there is no federal due process right to access to DNA evidence).[1]

■ Next, we consider Young's argument that Pennsylvania impermissibly prevented him from asserting actual innocence as required by state law. In his pro se complaint, Young fashioned this as a Sixth Amendment claim. Reading the complaint liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we think that this claim is really a due process argument, as it is an attack on the state procedure for post-conviction DNA testing. "[W]hen a State chooses to offer help to those seeking relief from convictions, due process does not dictate the exact form such assistance must assume." *Osborne,* 129 S.Ct. at 2320 (quoting *Pennsylvania v. Finley,* 481 U.S. 551, 559, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). In order for Pennsylvania's procedures to violate due process, they must offend, at a minimum, "some principle of justice so rooted in the traditions and conscience of our people to be ranked as fundamental," or they must transgress a "recognized principle of fundamental fairness in operation." *Medina v. California,* 505 U.S. 437, 446, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). We conclude that Pennsylvania's procedures for post-conviction relief do neither.

1. The absence of a federal constitutional right to post-conviction DNA evidence forecloses Young's Eighth Amendment claim, which rested upon his due process argument. In addition, we need not address Young's argument that equitable tolling should have applied, as *Osborne* forecloses his claim, regard-

less of the statute of limitations. However, Pennsylvania's strict policy toward tolling would likely bar Young's claim. *See Lake v. Arnold,* 232 F.3d 360, 367 (3d Cir.2000) (noting that the Pennsylvania statute of limitations may be tolled only for fraud or concealment).

For the foregoing reasons, we will affirm the judgment of the District Court.